UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

JOSE VELEZ,

                     Plaintiff,

- versus -

CITY OF NEW YORK, DISTRICT ATTORNEY CHARLES J. HYNES, individually and in his official capacity, ADA JANE LUBOWITZ, ADA CAROLINE R. DONHAUSER, ADA ANTHEA H. BRUFFEE, ADA PHILLIS MINTZ, individually and in their official capacities as employees of the City of New York who are/were Assistant District Attorneys within the Office of the District Attorney, County of Kings, DETECTIVE THOMAS J. BRESNAHAN, DETECTIVE GIL VARGAS, DETECTIVE PATRICIA STEVENS, SERGEANT JAMES RUSSO, INSPECTOR JACK J. TRABITZ, INVESTIGATOR J. HIPPOLYTE, JONATHAN DAVID, POLICE OFFICER JOHN DOE and VARIOUS JOHN/JANE DOES, individually and in their official capacities as employees of the City of New York who are/were members of the Police Department of the City of New York,

                     Defendants.

ORDER
11-CV-5527

JOHN GLEESON, United States District Judge:

        Jose Velez, currently incarcerated in the Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, against various officials of the State and City of New York. Velez, who was convicted after trial in the Supreme Court of New York, Kings County, on five counts of sodomy in the first degree, contends that the defendants violated his constitutional rights by destroying or losing evidence that could have exonerated him. Velez appears to seek vacatur of his convictions, a reduction of his sentence, or a new trial, as well as

money damages, a hearing to determine why evidence was destroyed, an injunction directing defendants to preserve and make available any evidence that still exists, and a declaration that destroying any existing evidence would be unlawful.

Judgment for Velez upon his claims that the defendants unconstitutionally destroyed or lost evidence would necessarily imply the invalidity of his convictions. Thus, in addition to being meritless, *see Arizona v. Youngblood*, 488 U.S. 51 (1988); *California v. Trombetta*, 467 U.S. 479 (1984), they are not cognizable under § 1983, *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Bivins v. Hudson*, No. 94-3323, 1996 WL 137849, at *2 (7th Cir. Mar. 19, 1996). Upon Velez's request, I instead construe the claims as a petition for habeas corpus. Velez has already twice petitioned for federal habeas corpus relief, which renders the instant petition a "successive" petition governed by 28 U.S.C. § 2244(b)(3). Because Velez lacks the requisite authorization by the court of appeals to file a successive petition under this provision, his petition is hereby transferred to the court of appeals. *See* 28 U.S.C. § 1631; *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996). Velez is to submit to the court of appeals any supplemental papers in support of his petition by September 10, 2012.

To the extent Velez asserts any remaining claims, they are dismissed for the reasons stated on the record at oral argument today.

So ordered.

John Gleeson, U.S.D.J.

Dated: August 10, 2012
      Brooklyn, New York